**NIEDWESKE BARBER HAGER, LLC**
98 Washington Street
Morristown, NJ 07960
Tele: 973-401-0064
Fax:  973-401-0061
www.n-blaw.com
Attorneys for Plaintiff Eric Miller

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERIC MILLER, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF NEW YORK MELLON,<br><br>Defendant. | Civil Action No.<br><br><br>**COMPLAINT**<br>**Jury Trial Demanded**<br><br><br>**DOCUMENT ELECTRONICALLY FILED** |

Plaintiff Eric Miller ("Plaintiff Miller") and all other similarly situated Plaintiffs, through their attorneys Niedweske Barber, LLC, 98 Washington Street, Morristown, New Jersey, 07960, by way of Complaint against Defendant Bank of New York Mellon ("Defendant BNY"), state as follows:

## THE PARTIES

1. Eric Miller resides at 39 LaGorce Boulevard, Town of Burlington, County of Burlington, State of New Jersey. During all relevant times to this action, Plaintiff Miller was employed as a Senior Telecom Engineer, Level HH, for Defendant BNY.

2. Upon information, Defendant BNY was and is a banking entity organized under the laws of the State of New Jersey, with its principle offices located in Pittsburgh, Pennsylvania.

## JURISDICTION

3. This Court has original subject matter jurisdiction over this lawsuit pursuant to 29 U.S.C. § 1331.

## VENUE

4. Venue is properly laid in this district court because Defendant BNY resides in this district.

## COUNT ONE

### (Violation of the Fair Labor Standards Act, FLSA Brought Against Defendant by Individually Named Plaintiff and On Behalf of All Others Similarly Situated)

5. Throughout his employment, Plaintiff Miller typically worked more than eight (8) hours a day, including evenings, weekends and holidays, which overtime went uncompensated while enriching Defendant BNY.

6. Defendant BNY failed to pay Plaintiff Miller's overtime.

7. Plaintiff Miller's duties and responsibilities do not fall within the purview of any exemption and, therefore, his overtime work is compensable under the FLSA.

8. Upon information and belief, the U.S. Department of Labor audited Defendant BNY, determined that Defendant BNY was wrongfully classifying employees as exempt from overtime, and directed Defendant BNY to pay but Defendant BNY intentionally failed to comply.

9. At all times material herein, Plaintiff Miller has been entitled to the rights, protections, and benefits provided under the FLSA.

10. Plaintiff Miller and all similarly situated Level HH employees are victims of a uniform and company-wide compensation policy and practice which violated the FLSA.

11. Defendant BNY violated the FLSA by failing to account for all compensable time of its Level HH employees and similar job functions, and failing to pay Plaintiff Miller and others similarly situated overtime premium pay.

12. The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

13. Defendant BNY was, and is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce.

14. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations.

15. None of the FLSA exemptions apply to Plaintiff Miller and/or putative plaintiffs.

16. Accordingly, Plaintiff Miller and those similarly situated must be paid overtime pay in accordance with the FLSA.

17. Plaintiff Miller and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of their consent to join and an equal amount as liquidated damages.

18. Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorney's fees expended in successfully prosecuting an action of unpaid wages and overtime wages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Miller and all other similarly situated Plaintiffs prays as follows:

A. That the Court award Plaintiff Miller and all other similarly situated Plaintiffs all overtime pay;

B. That the Court award Plaintiff Miller and all other similarly situated Plaintiffs liquidated damages;

C. That the Court order Defendant BNY to properly classify all misclassified employees for purposes of FLSA overtime;

D. That the Court award Plaintiff Miller and all other similarly situated Plaintiffs interest, attorneys' fees, and costs of suit; and

E. That the Court grant such other relief as may be just and proper.

## JURY TRIAL DEMANDED

Plaintiff Miller and all other similarly situated Plaintiffs demand jury trial of all issues so triable in this case.

Respectfully submitted,
**NIEDWESKE BARBER HAGER, LLC**

Dated: December 18, 2017

By: /s/ Kevin Barber
Kevin E. Barber (KEB 8629)
98 Washington Street
Morristown, New Jersey 07960
www.*N-B*Law.com
kbarber@*N-B*Law.com
Counsel for Plaintiff Eric Miler
and All Other Similarly Situated Plaintiffs

**DOCUMENT ELECTRONICALLY FILED**